Probate Court of Tuscarawas County.

IN RE WILL OF SAMUEL GATCHEL.

Decided March 7, 1932.

*J. M. Richardson,* for proponent.
*Wilkin, Fisher & Limbach,* for exceptor.

LAMNECK, J.

On February 9th, 1932, an application to probate a written instrument purporting to be the last will and testament of Samuel Gatchel, deceased, was filed in this Court.

On the day set for hearing, it developed from the testimony of the witnesses that the will was signed by the testator in the presence of one T. Jones, residing at Dennison, Ohio, and one Myrle Lehigh, also residing at Dennison. It appears that Myrle Lehigh signed his own name to the instrument as a subscribing witness, and also signed the name of T. Jones while Mr. Jones held the pencil. Mr. Jones, who could not write, requested Mr. Lehigh to sign his name for him. All of this was done in the presence of Mr. Gatchel, and both Mr. Jones and Mr. Lehigh were attempting to act as subscribing witnesses at the request of Mr. Gatchel.

Section 10504-3 of the General Code provides that a will "shall be signed at the end by the party making it * * * and be attested and subscribed in the presence of such party by two or more competent witnesses who saw the testator subscribe or heard him acknowledge his signature."

. The question raised is whether or not the subscribing witness, T. Jones, signed his name to the instrument in the presence of the testator.

A person, to become a subscribing witness to a will, must sign his name or make his mark or do some physical act, affixing or recognizing his name, which he intended as a subscription. It has also been held that not only a mark with the name of the witness attached, but anything that a witness .shall write with the intent that it shall stand for his name, shall be a valid signing by him. If the witness puts his name to a paper he may subscribe by affixing his initials and his hand may be even guided by another.

If a witness can effectually subscribe in the many modes suggested, it would seem that he could do so when he holds a pencil while his entire name and full signature is written. The principal reason for a witness to sign his name is to insure the identity of the instrument and to prevent the fraudulent substitution of another document at the time of its execution. He accomplishes this by taking part in some physical act in the presence of the testator by which his name is affixed to the instrument as a witness. When he holds the pencil while another signs his name, he is doing a physical act to affix his name to the instrument and if he can see the name that is being written, he can identify the signature.

While it is not desirable that a witness should be selected to witness a will who cannot write, yet if his name is affixed to an instrument in the manner in which it was done in this instance and he can testify that the signature is the one that was affixed and can identify the instrument, that is sufficient.

The principal authorities on this subject are as follows:

*In re Will of Pope,* 52 S. E. 484; 111 American State Reports, Page 813; Schouler on Wills, Page 338; Page on Wills, Section 349.

It is, therefore, ordered that the Will be admitted to probate.